**E-Filed 5/11/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEAN ELISE GREER,<br><br>    Plaintiff,<br><br>        v.<br><br>LOCKHEED MARTIN, ESIS INC., and DOES 1 through 20 inclusive,<br><br>    Defendants. | Case Number CV 10-1704 JF (HRL)<br><br>**ORDER[1] GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[re doc. no. 31] |

Plaintiff Jean Elise Greer seeks leave to file a first amended complaint. The Court has considered the moving and responding papers and the oral argument presented at the hearing. For the reasons discussed below, the motion will be granted.

**I. BACKGROUND**

Greer filed a wrongful termination case in the Santa Clara Superior Court on March 29, 2010, alleging that she lost her job as a result of discrimination based upon her age and disabilities. Defendant Lockheed Martin ("Lockheed") removed the case to this Court on April 21, 2010. Greer subsequently moved to amend her complaint to add additional discrimination claims and to join two individual, non-diverse defendants. At the same time, she moved to

---

[1] This disposition is not designated for publication in the official reports.

remand the case to state court based on lack of diversity of citizenship. In August, the Court denied Greer's motions without prejudice because Greer had not shown that she obtained a right-to-sue letter from the California Department of Fair Employment and Housing (DFEH) with respect to the individual defendants. At the time, Greer claimed that she had not received the letter because of an administrative error on the part of the United States Equal Employment Opportunity Commission (EEOC).

Greer's counsel subsequently contacted the EEOC and was informed that Greer already had received both federal and California right-to-sue letters. The EEOC provided counsel with additional copies of the letters. Counsel then sought an additional copy of Geer's original charging form, which was provided in November 2010. Neither the right-to-sue letter or the form made reference to the individual defendants named in the amended complaint that Greer had proposed.

The parties were ordered to mediation in December 2010. On January 11, 2011, the Court held a case management conference and set a trial date for October 2011. Although she did not indicate at the case management conference that she intended to file a renewed motion to amend her complaint, Greer did express such intention to amend her in the parties' joint case managment statement. Greer filed the instant motion on March 22, 2011, seeking to include claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, and the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12900, *et seq*. No proposed additional defendants are named.

**II. DISCUSSION**

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A court ordinarily will grant leave to amend unless it concludes that the proposed amendment: (1) would be futile, (2) would prejudice the non-moving party, (3) was brought in bad faith, or (4) resulted from undue delay. *Genentech, Inc. v. Abbott Labs,* 127 F.R.D. 529, 530

(N.D. Cal 1989); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

**A.      Whether the Proposed Amendment Would Prejudice the Non-Moving Party**

The existence or absence of undue prejudice to the opposing party is the "touchstone of the inquiry under Rule 15(a)," *Eminence Capital*, 316 F.3d at 1051 (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363 (5th Cir. 2001)), and "carries the greatest weight" in the determination of a motion for leave to amend, *id.*  Lockheed contends that it would be prejudiced by Greer's proposed amendment because the amendment would transform a relatively simple action for wrongful termination into one involving diverse claims of harassment, retaliation, and failure to engage in the interactive process required by the ADA.  Lockheed asserts that it already has conducted discovery, including taking Greer's deposition, and that the current trial schedule would have to be revisited in light of the additional allegations.

However, Greer alleges in her original complaint that her termination was motivated by age and disability discrimination, and Lockheed was made aware of the possibility that Greer might seek to assert additional aclaims when Greer first sought leave to amend her complaint shortly after Lockheed removed the case to this Court.  While Greer's subsequent delay in adding the new claims undoubtedly will require Lockheed to engage in at least some additional discovery and may require modification of the trial schedule, the transcript of Greer's deposition shows that Lockheed's inquiry went beyond the scope of the original complaint.  *See, e.g.*, Greer Deposition at 28:23-25 ("[D]id Mr. Rogers say anything to you that indicated to you that he had a bias against employees based on their age?"); *id* at 159:19-160:7 ("Let me make sure I have an exhaustive list.  You testified that the treatment by Ms. Reid and Mr. Bandettini that you felt was motivated by your age included . . . excluding you from meetings, it included not giving you a computer and phone until after you returned from leave in 2007, it included Ms. Reid being impatient during your file transfer training, it included the incident surrounding your February/March 2008 restrictions, and it included Jeanine laughing when Dan Williams made a comment about your age?); *id.* at 160:17-19 ("Is it your belief that your disability was a

3

motivating factor in the decision to select you for layoff?").  Under these circumstances, Lockheed has not shown that the proposed amendment would result in substantial or undue prejudice.  *See Genentech,* 127 F.R.D. at 531 (concluding that the possibility that additional discovery would postpone the trial did not "constitue undue prejudice to the defendant").

**B.     Whether the Proposed Amendment Resulted From Undue Delay or Was in Bad Faith**

Lockheed contends that Greer's failure to amend her complaint in a timely manner is inexcusable.  Although Greer claimed previously that an error by the EEOC prevented her from obtaining a right-to-sue letter from the DFEH, it now appears that Greer did receive right-to-sue letters from both the agencies and simply failed to provide them to her counsel.  Nor has Greer explained the delay between her counsel's request for additional copies of the charging documents in November 2010 and the filing of the instant motion in March 2011.  Lockheed also points out that Greer's counsel stated at the January 2011 case management conference that Greer did not intend to file any further motions.

While each of these facts weighs against Greer's position, their weight is diminished by Greer's explanation of the delays.  Greer claims that the delay in obtaining the necessary documents was caused in part by the health problems of her counsel, and that once the documents were obtained and examined, she was not able to review the revised complaint with counsel until February 2011.  Greer also claims her counsel did not raise the possibility of moving to amend the complaint during the January case management conference because counsel planned to seek Lockheed's consent.  She points out that the parties' joint case management statement states expressly that Greer "will seek leave to amend the complaint to add additional causes of action for age discrimination, disability discrimination, and retaliation if Defendant does not stipulate to an amendment."  Joint Case Management Statement, Jan. 7, 2010 (Dkt. 29) at 2.

**C.     Whether the Proposed Amendments Are Futile**

Finally, Lockheed contends that the proposed amendments are futile because Greer failed to exhaust administrative remedies, and because the new claims are barred by the statute of

4

1  limitations.

2  Under each of the statutes at issue here, a plaintiff may pursue only those claims that are
3  "like or reasonably related" to the allegations raised in her administrative complaint. Def.'s Op.
4  At 12 (citing *Shah v. Mt. Zion Hospital & Medical Ctr.*, 642 F.2d 268, 271-72 (9th Cir. 1981)).
5  Lockheed contends that although Greer checked the boxes for age and disability discrimination
6  on the charge form, she did not provide factual support for those allegations. While Lockheed
7  contends that it is "well-settled" that to meet the exhaustion requirements a plaintiff must allege
8  facts that relate to each box checked, the only cases that it cites for that proposition are from
9  district courts in other circuits.

10  Lockheed also contends that Greer's ADEA and ADA claims are barred because they
11  were not filed within ninety days of the issuance of a right-to-sue letter by the EEOC, and that
12  Greer's FEHA claims are barred because they were not filed within one year of issuance of a
13  right-to-sue letter by the DFEH. However, Rule 15(c)(1)(B) provides that a complaint may be
14  amended despite the running of an applicable statute of limitations if the amendment arises out
15  of the same "conduct, transaction, or occurrence" alleged in the original complaint. Lockheed
16  argues that none of the facts alleged in the original complaint justifies application of the relation
17  back doctrine. An amendment is futile when "it appears beyond doubt" that the additional claim
18  could not survive a motion to dismiss. *L.A. Sheet Metal Workers' Joint Apprenticeship Training*
19  *Committee v. Walter*, No. 96-56573, 1998 U.S. App. LEXIS 2049, at *5 (9th Cir. Feb. 5, 1998);
20  *see also Local 144, Hotel, Hospital, Nursing Home and Allied Services Union v. CNH*
21  *Management Associates, Inc.*, 713 F. Supp. 680, 693 (S.D.N.Y. 1989) (citing *Dan Caputo Co. v.*
22  *Russian River County Sanitation Dist.*, 749 F.2d 571 (9th Cir. 1984) ("A court usually invokes
23  futility to deny an amendment that adds a new cause of action having no hope of surviving a
24  subsequent motion to dismiss."). It is not clear from the face of the complaint that it is "beyond
25  doubt" that Greer's proposed claims would not survive a motion to dismiss. Accordingly, the
26  motion will be granted, without prejudice to any motion Lockheed may choose to bring with
27  respect to the amended claims.

28

5

### III. DISPOSITON

Good cause therfore appearing, the motion for leave to file a first amended complaint will be granted.

**IT IS SO ORDERED.**

DATED: 5/11/2011

_____
JEREMY FOGEL
United States District Judge